IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| **JOE RICKY FUNDERBURG,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 3:12-cv-00186-BSM** |
| v.   ) | |
| ) | **Chief Judge Miller** |
| **UNITED PARCEL SERVICE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**PROTECTIVE ORDER PURSUANT TO STIPULATION AND AGREEMENT**

The parties to this action, Joe Ricky Funderburg ("Plaintiff") and United Parcel Service, Inc. ("UPS" or "Defendant") have stipulated, through their respective counsel, to the entry of this Protective Order ("Order"):

1.  Confidential Information, as later defined herein, and obtained by the plaintiff from the Defendant in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons, as herein defined.

2.  Confidential Information shall be deemed to include, without limitation:

    (a)   Documents containing certain policies, trade secrets, and other confidential and proprietary information relating to the business or operations of UPS; documents containing confidential personal information, such as social security numbers, contact information, financial information, medical information, and dates of birth; documents containing confidential and personal information related to current and/or

former UPS employees who are not parties to this lawsuit; and such other information as may in good faith be deemed by the producing party to be Confidential Information.

(b) Any information concerning such as set forth in 2(a) herein above may be, from time to time, produced by a party and declared by the party at the time of production to be "Confidential Information" and subject to this Order. Materials that are being designated as confidential should be stamped "Confidential," or if Bates numbers are used, documents may be designated as confidential by bates number in a letter. A party may oppose a confidentiality designation in writing within 10 days of the designation, at which time the parties shall engage in a good faith effort to resolve the issue, and may move to remove the confidentiality designation if that fails.

3. Except with the prior written consent of the Defendant, or pursuant to further Order of this Court on motion with notice to the Defendant, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include the Plaintiff, Plaintiff's counsel, any future counsel of record for the Plaintiff in this action, and secretaries, para-professional assistants, experts and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action, court personnel, witnesses at trial or deposition, and the jury.  Nothing in this Order is intended to limit a party's right to use and disclose his/its own Confidential Information as he/it deems appropriate.

4. This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation. Three years following the conclusion of this action, including all appeals:

  (a) Plaintiff and Plaintiff's counsel shall destroy all confidential information, including, correspondence, memoranda, notes or any other documents embodying such information, in whole or in part.

  (b) Counsel and all Qualified Persons will remain enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding. Severe sanctions will attach to any person who discloses such in violation of this provision.

5. Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "Confidential Information" to remove such from the application of this Order.

6. Before filing Confidential Information produced by another party, the filing party must give the producing party notice of his/its intent to so file and an opportunity to request that the Confidential Information be filed under seal. If the producing party so requests, the Confidential Information must be filed under seal. Documents containing Confidential Information may be filed in a redacted form so that those portions of the document containing Confidential Information will not be visible to the public. Only the Court, Court personnel, and Qualified Persons shall have access to sealed records in this proceeding until further Order of this Court.

IT IS HEREBY ORDERED.

_____
District Court Judge

APPROVED AS TO FORM:

*s/ James M. Scurlock (with permission)*
Luther Oneal Sutter, Ark. Bar #95031
James M. Scurlock, Ark. Bar # 2012028
SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
Post Office Box 2012
Benton, Arkansas 72018
501/315-1910 FAX 501/315-1916
E-mail: Luthersutter.law@gmail.com
Attorneys for Plaintiff

AND

*s/ Maralee M. Downey*
Marcus Crider
Marlee M. Downey
WALLER LANSDEN DORTCH & DAVIS LLP
511 Union Street
Suite 2700
Nashville, Tennessee 37219-8966
E-mail: marcus.crider@wallerlaw.com
E-mail: maralee.downey@wallerlaw.com
 (615) 244-6380
(615) 244-6804 FAX
Attorneys for Defendant

10438284